UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

TERESA BISSONETTE,

Plaintiff,

Civil No. 02-335 ADM/AJB

v.

**ORDER**

GEORGE LUSKEY, et al.,

Defendants.

The above matter came before the Court on Plaintiff's Motion to for Leave Amend the Complaint. A hearing was held on September 17, 2002 at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Steven O'Tool, Esq., appeared on behalf Plaintiff Teresa Bissonette, and Kenneth Bayliss, Esq., appeared on behalf of the Defendants. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT** Defendant's Motion for Leave to Amend the Complaint is **granted in part and denied in part** [Docket No. 7], as set forth below. The Plaintiff may file an amended complaint consistent with this order.

Dated: 9/23/02

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Defendant George Luskey, a Scott County Sheriff's deputy, transported Plaintiff Teresa Bissonette from the Dakota County Alcohol Treatment Center in Hastings, Minnesota, to the

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Scott County Courthouse on January 20, 2000. While en route, Luskey made several inappropriate comments to Bissonette.

In January 2002, Bissonette filed suit against Luskey, Scott County, the Scott County Sheriff and the Scott County Sheriff's Department, alleging numerous causes of action. The Defendants removed to this Court [Docket No. 1]. Bissonette is now before this Court seeking leave to amend the complaint to allege an individual civil rights claim against Luskey and punitive damages [Docket No. 7].

**Individual Claim**

Bissonette moved this Court for leave to amend her complaint to more completely and accurately set forth an individual capacity claim against Luskey for civil rights violations pursuant to the U.S. Constitution and 42 U.S.C. § 1983. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."

However, the Pretrial Scheduling Order in this case set forth June 1, 2002, as the deadline for filing and hearing "motions which seek to amend the pleadings or add parties." [Docket No. 5]. Where, as here, the deadline for amendment of pleadings has long since expired, the propriety of the Motion for Leave to Amend the Complaint "is most properly considered withint the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D.Minn.1996). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and it's good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir.1998).

Under Rule 16(b), a Court's Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Notes of Advisory Committee on 1983 Amendment to Rule 16(b).*

Here, it is clear that Bissonette intended to file individual civil rights claims against Luskey, but confusion resulted from her complaint. This Court deems clarification of the complaint to constitute good cause to amend the pleadings under Rule 16(b). Therefore, Bissonette may amend her complaint to specifically allege an individual civil rights claims against Luskey. Despite the defendants' arguments that Bissonette's claims lack merit, it is too early in the case for this Court to make substantive determinations about the merits of claims. That is more appropriate at summary judgment.

**Punitive Damages**

Bissonette also argues that this Court should grant her leave to amend her complaint to include a claim for punitive damages. She argues that, under Minnesota law, she could not allege punitive damages in her initial complaint and that facts arose in Luskey's deposition that support a punitive damages claim.

In Minnesota, a party cannot plead punitive damages in their original complaint. They must make a motion to the Court for leave to amend the complaint to include the claim for punitive damages. MINN. STAT. § 549.191. A party must establish both a legal and factual basis for the claim. MINN. STAT. § 549.20. The motion "must be accompanied by one or more affidavits showing the factual basis for the claim." MINN. STAT. § 549.191. The submitted

affidavits must provide "clear and convincing" evidence showing that a defendant acted with deliberate disregard for the rights of the plaintiff. Olson v. Snap Products, Inc., 29 F.Supp.2d 1027, 1036 (D. Minn. 1998) (citations omitted). "A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregarded facts that create a high probability of injury to the rights or safety of others and: (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injuries to the rights or safety of others; or (2) deliberately proceeds to act with indifference to the high degree of probability of injury to the rights or safety of others." MINN. STAT. §549.20, subd. 1. "The trial court has discretion in allowing a plaintiff to amend its complaint to assert punitive damages." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994).

Bissonette has not made the showing necessary to allege a claim of punitive damages against Luskey. Therefore, she may not amend her complaint to allege such a claim. Bissonette fails to identify the constitutional right which Luskey's comments deliberately disregarded or to which he showed willful indifference. Also, Luskey had no knowledge about Bissonette that created a high probability that his comments or actions would injure her rights or safety. Luskey intentionally made comments to Bissonette, and they may have been offensive to her. However, Bissonette has not presented a prima facie case that Luskey had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the rights or safety of others and nevertheless proceeded to make the comments. MINN. STAT. § 549.20, subd. 1.

AJB