**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teresa Bissonette,

Plaintiff,

v.

George Luskey, Scott County,
William J. Nevin, Scott County Sheriff,
and Scott County Sheriff's Department,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-335 ADM/AJB

---

Steven C. O'Tool, Esq., O'Tool Law Office, Edina, MN, appeared for and on behalf of Plaintiff.

Kenneth H. Bayliss, Esq., Quinlivan & Hughes, P.A., St. Cloud, MN, appeared for and on behalf of Defendants.

---

## I. INTRODUCTION

On February 26, 2003, this matter came before the undersigned United States District Judge for oral argument on the Motion for Summary Judgment [Docket No. 17] of Defendants George Luskey, Scott County, Scott County Sheriff William J. Nevin, and Scott County Sheriff's Department (collectively, "Defendants"). Plaintiff Teresa Bissonette's ("Plaintiff") Complaint asserts multiple claims grounded in state tort law, as well as violation of her federal civil rights under 42 U.S.C. § 1983. For the reasons set forth below, Defendants' Motion is granted.

## II. BACKGROUND

This action arises out of comments made by Scott County Sheriff Deputy George Luskey ("Luskey") to Plaintiff, a civil detainee, on January 20, 2000. The significant facts are uncontroverted. Plaintiff was detained, pursuant to court order, at the Dakota County

FILED 3-27-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 3-27-03
DEPUTY CLERK

Detoxification Center in Hastings, Minnesota, awaiting transport to a mandatory commitment hearing for alcoholism to be held in Shakopee, Minnesota. Luskey, a deputy in the transportation and warrant division, was assigned to drive Plaintiff to the hearing. Before departing for the courthouse, Deputy Luskey handcuffed Plaintiff with her hands in front of her. Luskey and Plaintiff were the only passengers in the car. The Scott County Sheriff's Office ("Sheriff's Office") policy on handcuffing provides that each officer may use his or her discretion to determine whether or not to handcuff an individual. Scott County Division Manual at 23, sec. 106.03 (Bayliss Aff. Ex. D); see also Wagner Dep. at 19-20 (Bayliss Supp. Aff. Ex. O). It is Luskey's practice to handcuff every person he transports. Luskey Aff. ¶¶ 4-5. Plaintiff does not allege any physical injury due to the handcuffs.

During the trip, Luskey admits to making offensive remarks to Plaintiff. First, while driving past a strip bar, Plaintiff alleges Luskey asked her if she wanted to stop at the "nudie bar" for a drink. Bissonette Dep. at 31. Luskey does not deny, but cannot recall, this comment. Second, Defendant asked Plaintiff whether she wanted to stop at a Victoria's Secret shop to purchase a bra, purportedly after overhearing Plaintiff state earlier at the detoxification center that she was not wearing a bra. Id. at 29, 30. Lastly, Luskey suggested that if Plaintiff showed her breasts at the hearing she may be able to avoid commitment. Id. at 31. Just before arriving at the courthouse, Luskey stated to Plaintiff that he was "just kidding." Bissonette Letter at 2 (Bayliss Aff. Ex. E). Luskey admitted this behavior, was disciplined with a one-day suspension, and signed a letter of apology to Plaintiff.

Plaintiff has a history of suffering from domestic abuse and psychological problems. Both her former husband and former boyfriend severely physically assaulted her and she is a self-

described alcoholic. She has been diagnosed with major depression and probable Post-traumatic Stress Disorder. See O'Tool Aff. Ex. G. Luskey had no knowledge of Plaintiff's emotional background prior to the incident.

The Complaint sets forth ten causes of action. Plaintiff's summary judgment memorandum and argument abandon four of the claims, leaving for resolution: assault, battery, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983. Plaintiff asserts Luskey's actions intimidated her and caused her to fear for her safety. In an affidavit submitted subsequent to the filing of the instant Motion, Plaintiff now alleges that she suffers panic attacks, stomach queasiness and general anxiety dealing with men.

## III. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that the court shall render summary judgment if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party and draws all permissible inferences in her favor. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). However, the nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**A. Negligent and Intentional Infliction of Emotional Distress**

Counts V and VII, respectively, allege negligent infliction of emotional distress and intentional infliction of emotional distress. To succeed on a claim for negligent infliction of emotional distress, Plaintiff must establish that she (1) was within a zone of danger of physical impact (2) had a reasonable fear for her safety and (3) suffered severe emotional distress accompanied by physical manifestations. K.A.C. v. Benson, 527 N.W.2d 553, 557 (Minn. 1995).

A claim of intentional infliction of emotional distress requires proof that Defendant's conduct was extreme and outrageous; was reckless or intentional; and caused Plaintiff to suffer severe emotional distress. Id. at 560. The defendant "must intend to cause severe emotional distress or proceed with the knowledge that it is substantially certain." Id. Thus, severe emotional distress is an essential element of both causes of action, though the standard may differ slightly. See Quill v. Trans World Airlines, Inc., 165 N.W.2d 438, 443 (Minn. Ct. App. 1985) (finding the Hubbard rule for establishing severe distress not applicable in negligent emotional distress cases). But see Longen v. Federal Express Corp., 113 F. Supp. 2d 1367, 1374 (D. Minn. 2000) (applying Hubbard standard in negligent infliction of emotional distress case).

Here, there is insufficient evidence of severe distress to withstand summary judgment. At her deposition, when asked how the incident affected her mental and physical well being, Plaintiff stated that neither her counseling nor her medication regimens had changed and that she had suffered no physical symptoms as a result of Luskey's offensive remarks. See Bissonette Dep. at 82-83, 90. She indicated that her problems with trusting men had worsened and become more generalized subsequent to the experience. Id. at 83. However, no intimations of physical manifestations appear in Plaintiff's testimony until her affidavit submitted in opposition to

summary judgment, in which she avers symptoms such as panic attacks, nausea, and overall discomfort around males. Bissonette Aff.[1] This contrary testimony, notably absent from the deposition record, may not be used to create an issue of material fact to "forestall summary judgment." Dotson v. Delta Consol. Indus., 251 F.3d 780, 781 (8th Cir. 2001) (stating that a party may not create a genuine dispute of material fact by "submitting an affidavit contradicting [her] own sworn statements in a deposition"). When questioned at her deposition and when given the opportunity to review and make changes to her testimony, Plaintiff made no assertions of severe distress or changes in her mental health counseling. Her recent complaints of anxiety, upset stomach, and increased depression are not supported by any medical or additional evidence.

Plaintiff offers no explanation of how or when she was in a zone of danger of *physical impact*. Without evidence of this element, Plaintiff cannot sustain a claim of negligent infliction of emotional distress. K.A.C., 527 N.W.2d at 558.

In regard to Plaintiff's intentional infliction of emotional distress claim, even if taken as true, the physical manifestations alleged in the affidavit do not meet the high threshold Minnesota courts have established for severity of emotional distress.

In Hubbard v. United Press International, Inc., the case first recognizing the tort of intentional infliction of emotional distress in Minnesota, the Minnesota Supreme Court found plaintiff's allegations of depression, stomach ailments, vomiting, rashes and high blood pressure insufficient without supporting medical evidence to prove severe emotional distress. See Hubbard, 330 N.W.2d 428, 440 (Minn. 1983); see also Longen, 113 F. Supp. 2d at 1374 (finding

---

[1] Plaintiff's counseling records reveal Plaintiff did not reference or discuss the incident in question or any attendant symptoms during her treatment sessions, which began before and continued after this occurrence. See Bayliss Aff. ¶ 16.

evidence of plaintiff's anxiety, difficulty sleeping, lightheadedness, shortness of breath and fear of appearing in public insufficient as a matter of law for plaintiff to meet the "heavy burden" of prevailing on a negligent infliction of emotional distress claim). Thus, summary judgment on this claim is granted.

**B. Assault and Battery**

Plaintiff claims Luskey's comments, in conjunction with her being handcuffed in the police car, caused her to fear for her "life and/or well being," and therefore constituted an assault. She further contends that Luskey's handcuffing her was illegal and caused a battery. An assault is the unlawful threat of bodily harm coupled with the present ability to carry out the threat, such that the plaintiff has a reasonable apprehension of immediate bodily harm. Dahlin v. Fraser, 288 N.W. 851, 852 (Minn. 1939). Words alone do not constitute an assault. Id. A battery is an intentional harmful or offensive bodily contact. Ross v. St. Paul, No. C9-90-841, 1990 Minn. App. LEXIS 1147, *2 (Minn. Ct. App. Nov. 19, 1990).

Plaintiff has alleged no direct threats and has not identified when she feared imminent physical harm. Accordingly, the assault claim must fail. Similarly, making all permissible inferences in Plaintiff's favor, there is no evidence of a battery. Plaintiff admits Luskey did not use excessive force when applying the handcuffs, and pursuant to the Sheriff's Office policy, he was entitled to use handcuffs during the transportation. As such, summary judgment is appropriate on the battery claim as well. See Ross, 1990 Minn. App. LEXIS 1147, at *2 (stating that to constitute a battery, a police officer's actions must involve excessive force).

**C. False Imprisonment**

As the basis for this claim, Plaintiff relies on the argument that Luskey illegally

handcuffed and improperly transported her to the hearing. However, Plaintiff does not contest the validity of the court order pursuant to which Luskey acted, and conceded in oral arguments that Luskey's right to handcuff Plaintiff was not a predominate issue.

Lawful detention by legal authorities does not constitute false imprisonment unless the plaintiff is detained for an unreasonable amount of time. See Warner v. Jordan, CX-97-1780, 1998 Minn. App. LEXIS 375, at *16 (Minn. Ct. App. Apr. 7, 1998). The record establishes that Luskey acted properly under the policy giving individual officers the discretion to decide whether or not to handcuff the persons to be transported. Plaintiff does not allege, and there is no evidence that, Luskey detained her for an unreasonable amount of time. The Sheriff's Office travel log mileage and time totals reflect a direct trip from Hastings to Shakopee, the location of the hearing. See Scott County Sheriff's Office Unit Log (Bayliss Aff. Ex. F). Upon arrival at the courthouse he promptly released her from the handcuffs and the vehicle. Under these circumstances, Plaintiff cannot, as a matter of law, prevail on a claim of false imprisonment.

**D. Section 1983**

This claim is asserted against Luskey, Scott County Sheriff William J. Nevin ("Nevin"), Scott County, and the Sheriff's Office on theories of individual, supervisory, municipal and departmental liability, respectively, but in her memorandum in opposition to summary judgment, Plaintiff briefs only the individual and supervisory allegations.

Plaintiff claims Luskey violated her substantive due process rights by placing her under his control and subjecting her to his boorish comments, and that placing her in handcuffs for the transportation was a use of excessive force. When viewed in their totality, Plaintiff contends, these actions shock the conscience and offend her constitutional rights. Luskey argues no threat

was made and that, in any event, verbal harassment and even explicit threats of harm do not amount to constitutional violations. He maintains that the handcuffing was lawful and in compliance with Sheriff's Office policy.

Emotional injury suffered as a result of verbal abuse by a law enforcement official generally does not rise to the level of a violation of substantive due process. See King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)). Luskey was unaware of Plaintiff's history as a victim of abuse, and though his remarks were reprehensible, unprofessional, and distasteful, when viewed objectively they did not constitute a threat. Moreover, Luskey "did not exhibit any conduct suggesting that [he] intended to take action on the alleged threats." Id. at 1067-68. His behavior, while socially repugnant, was not so brutally cruel as to shock the conscience and infringe her constitutional protections. See id.

With regard to the handcuffing allegations, Plaintiff does not allege physical force or injury but relies on the fact of the handcuffing itself under the circumstances. She asserts that Luskey breached departmental policy and therefore acted unreasonably and excessively. The issue of handcuffing, however, was expressly committed to the individual officer's discretion and Luskey's decision was permissible under, and in accordance with, this policy. See Scott County Division Manual at 23, sec. 106.03 (Bayliss Aff. Ex. D); Wagner Dep. at 19-20 (Bayliss Supp. Aff. Ex. O). In the instant situation where Plaintiff was incarcerated and being transported by a single officer pursuant to a valid court order, it cannot be said that Luskey's decision to handcuff her amounts to excessive force.

As to her supervisory liability argument against Nevin, Plaintiff sets forth no evidence or

allegations of a pattern of unconstitutional acts and therefore, cannot substantiate this claim. See Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) (reciting elements of supervisor liability claim, including that defendant "received notice of a pattern of unconstitutional acts committed by subordinates").

In sum, Luskey's behavior was inappropriate and, given her traumatic past, in all likelihood created an uncomfortable and regrettable situation for Plaintiff. However, the facts and allegations, construed the in the light most favorable to Plaintiff, do not amount to claims for which there is a legal remedy. The facts of the incident are not in dispute and Luskey was unaware of Plaintiff's abusive relationships with males that would have given rise to heightened sensitivity to crass, but objectively non-threatening remarks. Defendants' Motion for Summary Judgment is granted.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 17] is **GRANTED**, and
2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

[signature]

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: March 27, 2003